IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED <br> TRADES INDUSTRY PENSION FUND <br><br> Plaintiff, <br> v. <br><br> THE H. SIMS CO., INC. <br>    a/k/a The H Sims Company Inc <br> DONALD J. LANDIS, individually and <br>    d/b/a The H. Sims Co., Inc. <br>    a/k/a The H Sims Company Inc <br><br> Defendants. | ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 06-1519 (GK) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**JOINT STATEMENT AND PROPOSED SCHEDULING
ORDER PURSUANT TO LOCAL RULE 16.3(d)**

Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Pension Fund," "Fund," or "Plaintiff"), and Defendants, The H. Sims Co., Inc. a/k/a The H Sims Company Inc. ("Company" or "Defendant) and Donald J. Landis, individually ("Landis" and together with Company, "Defendants"), hereby jointly submit this Statement in connection with the Scheduling Conference scheduled for December 15, 2006 at 9:30 a.m. The parties have conferred about matters pertaining to this case prior to the submission of this joint statement.

I.     Brief Statements of the Case: The parties hereby submit their respective brief statements of the case:

    (a)     Plaintiff's Statement of the Case: The Pension Fund alleges that Defendants agreed to abide by: (i) the terms and conditions of a collective bargaining agreement(s) (singly or jointly, "Labor Contracts") with one or more local labor unions or district

councils affiliated with the International Union of Painters and Allied Trades, AFL-CIO, CLC (the locals, district councils and International being referred to jointly as "Union"), which includes within its jurisdiction the activities of International Union of Painters and Allied Trades Local Union 80 ("Local 80") and International Union of Painters and Allied Trades Local Union 47 ("Local 47"); and (ii) the terms of the agreement and declaration of trust of the Pension Fund ("Trust Agreement") made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations. Under the terms of the Labor Contracts, Trust Agreement, rules and regulations as set forth in the International Painters and Allied Trades Industry Pension Plan ("Plan") and pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), Company is required (i) to make monthly fringe benefit contribution payments to Pension Fund for all employees covering bargaining unit work, (ii) to file remittance reports with the Pension Fund on a monthly basis and (iii) to submit to a contribution compliance audit.

      On December 8, 2005, Landis, as President of Company, signed a Promissory Note ("Note") and Personal Guarantee ("Guarantee") for payment of Company's delinquent contributions to the Fund for the months of August 2005 through October 2005 totaling $41,040.14. Landis is also personally liable for Company's ongoing, current delinquencies under the Note and Guarantee. The Note states that the "Company agrees that current remittance reports for all Union jurisdictions will be filed and contributions paid in the manner and within the time required by the Trustees of this Fund." Company has breached the terms of the Note and Guarantee by failing to make all of the guaranteed monthly payments (August 2005 through October 2005). The balance owed under the Note is

$19,405.43 plus interest.

In addition, Defendants have breached the Note by failing to pay contributions from May 2006 through the present in an amount of at least $61,982.07. This amount is based on reports prepared by Company and submitted to the Fund for the months of May 2006 through August 2006. Company has failed to submit reports for September 2006 and October 2006 for Local 47; therefore, the contribution amounts for those months still need to be determined.

Based on information currently available to the Pension Fund, Company owes the Pension Fund $106,144.37, consisting of the balance of the Note in the amount of $19,405.43, post-Note delinquency (5/06 through 8/06) in the amount of $61,982.07 (plus any contribution amounts found to be owed for September 2006 and October 2006), interest in the amount of $3,981.21 (through 12/15/06), liquidated damages in the amount of $16,277.50, late charges in the amount of $353.53 and attorneys' fees and costs in the amount of $4,144.63 (through 11/30/06).

(b)     Defendant's Statement of the Case.

Company acknowledges that it has entered into a Collective Bargaining Agreement with International Union of Painters and Allied Trades, Local Union 47 ("Agreement") and pursuant thereto agreed to make payments to Plaintiff. Company performs construction related services, and despite all reasonable efforts, Company has recently been unable to obtain sufficient income from various projects to make payments pursuant to the Agreement. Although Company acknowledges that it owes Plaintiff payments in accordance with the Agreement, Company disputes the amount allegedly owed.

Without further discovery, Company does not have sufficient information to

determine the proper amount owed to Plaintiff. Moreover, Plaintiff should be estopped from recovering funds for which Plaintiff refuses to take minimal steps to recover. Upon information and belief, on certain projects, the owners of the projects have made contract proceeds available to Plaintiff, but will not release such contract proceeds until Plaintiff signs a release. Because Plaintiff has refused to sign such releases, the owners will not release the funds to Plaintiff. Consequently, Plaintiff should be estopped from alleging that such amounts are due and owing. Further, Company disputes that liquidated damages are properly owed to Plaintiff and/or that such penalties have been properly assessed against the Company.

Landis, who is the president of Company, was not a party to the Agreement and therefore is not bound by its terms. Moreover, Landis is not personally liable under ERISA for Company's failure to pay contributions to Plaintiff. Nevertheless, Landis does acknowledge that on December 8, 2005 he signed a Personal Guaranty ("Guaranty") on a Promissory Note ("Note"). The Guaranty is limited to payment pursuant to the Note for the total amount of $41,040.14, and accordingly, Landis disputes that he is personally liable for Company's ongoing, current delinquencies under the Note.

Plaintiff has stated that the remaining balance on the Note is $19,405.43 plus interest. Landis contends that his personal liability is limited to the remaining balance on the Note. However, at this time, further discovery is required to verify the remaining balance, if any, under the Note.

II.   Matters Governed by Local Rule 16.3(c):

The parties further stipulate and agree to the following matters pursuant to Local Rule 16.3(c) as amended and Rule 26 of the Federal Rules of Civil Procedure:

1. The case, in whole or in part, may be disposed of by dispositive motion, and the parties reserve their respective rights to file such a motion.

2. The parties agree that any remaining non-parties should be joined and all pleadings be amended by no later than December 29, 2006. The parties believe the legal and factual issues will be narrowed by the close of discovery.

3. The parties agree that this case may be assigned to a magistrate judge for discovery purposes only. This case should not be assigned to a magistrate judge for trial.

4. The parties have discussed settlement and believe it to be a viable and very realistic option.

5. The parties do not believe that this matter would benefit from alternative dispute resolution. The parties are currently engaged in informal settlement discussions and hope that these efforts will resolve the matter without wasting any additional judicial resources.

6. The parties are reasonably certain that, if settlement negotiations are not successful, this matter can eventually be resolved in part or in whole by summary judgment. The parties submit that summary judgment motions should be due 30 days after conclusion of discovery with oppositions submitted in accordance with Local Civil Rule 7. The decision date on these dispositive motions should be within 30 days of the reply deadline date.

7. The parties agree to dispense with the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure.

8. The parties ask that all discovery be completed by March 16, 2007, with the following limits on discovery:

(a) <u>Interrogatories</u>. Maximum of twenty-five (25) interrogatories, including parts and subparts, by Plaintiff to Defendants and vice-versa, without leave of court. Responses due in accordance with Fed. R. Civ. P. 33.

(b) <u>Document Production</u>. No maximum for requests for production of documents by each party to any other party. Responses due in accordance with Fed. R. Civ. P. 34.

(c) <u>Requests of Admission</u>. Maximum of twenty-five (25) requests for admission by Plaintiff to Defendants and vice-versa. Responses due in accordance with Fed. R. Civ. P. 36.

(d) <u>Depositions</u>. Maximum of ten (10) depositions by Plaintiff and ten (10) by Defendants. However, neither Plaintiff nor Defendants may exceed five (5) non-party, non-expert witness depositions without leave of Court. Each deposition is limited to a maximum of seven (7) hours (excluding a one (1) hour lunch break) unless extended by agreement of the parties or otherwise permitted by this Court.

9. The normal requirements for exchange of expert witness reports and information should prevail, with all depositions of experts to be completed within the discovery period.

10. As this is not a class action, all provisions regarding class action lawsuits are inapplicable.

11. There is no need for special bifurcation of trial or discovery.

12. The pre-trial conference should be scheduled for a date approximately 30 days after any decision on dispositive motions; or, if there are no dispositive motions, the pre-trial conference should be scheduled for a date approximately forty-five (45) days after

the close of discovery.

13. The Court should set a trial date at the pre-trial conference, with such date to be within 30 to 60 days after the pre-trial conference.

Respectfully submitted,

By: /s/ Kent Cprek
    KENT CPREK (D.C. Bar No. 478231)
    JENNINGS SIGMOND, P.C.
    510 Walnut Street, Suite 1600
    Philadelphia, PA 19106
    Telephone: (215) 351-0615

  Attorney for Plaintiff

By: /s/ David Bledsoe
    DAVID BLEDSOE (D.C. Bar No. 422596)
    bledsoelaw@earthlink.net
    300 North Washington Street, Suite 700
    Alexandria VA 22314
    Tel.: 703-379-9424
    Fax: 703-684-1851

  Attorneys For Defendant

Dated: December 8, 2006

OF COUNSEL:

JEROME A. FLANAGAN
JENNINGS SIGMOND, P.C.
510 Walnut Street, Suite 1600
Philadelphia, PA 19106
Telephone: (215) 351-0660